UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

08/04/2026

LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

|  |  |
|---|---|
| WITHERS BERGMAN LLP,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN SHARIF and JOHN MOORE,<br><br>Defendants. | Case No. 5:26-cv- 105 |

## COMPLAINT

Plaintiff Withers Bergman LLP ("Plaintiff," Withers" or the "Firm"), by and through its undersigned counsel, for its Complaint against Defendants Steven Sharif ("Sharif") and John Moore ("Moore," and together with Sharif, the "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.     This is an action to recover unpaid legal fees and costs owed to Withers by Defendants, its former clients, arising from Withers' representation of Defendants pursuant to a written engagement agreement.

2.     Between February 2026 and June 2026, at Defendants' request and with their knowledge and approval, Withers rendered extensive legal services to Defendants in connection with a multi-front litigation and dispute-resolution portfolio arising out of matters involving Intrepid Studios, Inc. Withers invoiced Defendants for those services in the ordinary course.

3.     Withers billed Defendants a total of $1,891,956.46 across ten invoices. After application of Defendants' payments and the initial retainer, Defendants owe Withers an

1

outstanding balance of $1,067,706.86, consisting of $1,066,410.23 in unpaid fees and $1,296.63 in unpaid costs.

4. Despite Withers' repeated demands and Defendants' empty promises to pay, Defendants have failed and refused to pay the outstanding balance. Withers brings this action to recover that amount, together with contractual interest at nine percent (9%) per annum, or such lesser rate as may be required by applicable law, costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Withers Bergman LLP is a limited liability partnership. For purposes of diversity of citizenship, its citizenship is that of each of its partners. No Withers partner is a citizen of the Commonwealth of Virginia.

7. Defendants Sharif and Moore are citizens of the Commonwealth of Virginia; they are domiciled and reside in the city of Waynesboro, Virginia.

8. This Court has personal jurisdiction over Defendants because they reside in and are domiciled in this District and Division, and because a substantial part of the obligations giving rise to this action—including Defendants' obligation to pay for legal services—is to be performed by residents of this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in this judicial district. Venue is proper in the Harrisonburg Division under

2

Local Rule 2 because Defendants reside in the City of Waynesboro, Virginia, which lies within the Harrisonburg Division.

## PARTIES

10.     Plaintiff Withers Bergman LLP is a limited liability partnership engaged in the practice of law, with offices in, among other places, New Haven, Connecticut and New York, New York.

11.     Defendant Steven Sharif is a natural person who resides at 995 Old White Bridge Road, Waynesboro, Virginia 22980.

12.     Defendant John Moore is a natural person who resides at 995 Old White Bridge Road, Waynesboro, Virginia 22980.

13.     At all relevant times, Sharif and Moore were spouses and jointly engaged Withers as their counsel.

## GENERAL ALLEGATIONS

### A. The Engagement Agreement

14.     On or about February 6, 2026, Withers and Defendants entered into a written engagement agreement (the "Engagement Letter," attached hereto as **Exhibit A**) pursuant to which Defendants jointly engaged Withers to provide advice and to pursue potential litigation relating to recent events involving Intrepid Studios, Inc.

15.     Defendants accepted and agreed to the terms of the Engagement Letter, including by countersigning it and by directing and accepting Withers' services thereunder.

16.     Under the Engagement Letter, Withers agreed to provide legal services billed on the basis of the hourly rates of the individual timekeepers performing the services, plus disbursements and expenses incurred on Defendants' behalf.

3

17.    The Engagement Letter provided that Withers would issue periodic invoices for fees and expenses, and that Defendants would pay all invoices within thirty (30) days of receipt.

18.    The Engagement Letter further provided that Withers reserved the right to charge interest on unpaid fees and expenses at a rate equal to the lower of (i) nine percent (9%) per annum or (ii) the highest rate of interest then permitted by law, upon delivery of a written Notice of Exercise.

19.    Pursuant to the Engagement Letter, Defendants paid Withers an initial retainer of $150,000, which Withers received on or about February 25, 2026, and which the parties agreed would be applied against outstanding statements at the conclusion of the engagement.

## B. **Withers' Performance**

20.    From February 2026 through June 2026, Withers performed extensive legal services for Defendants under the Engagement Letter, with Defendants' full knowledge, involvement, and approval.

21.    Those services included, among other things, the preparation, filing, and litigation of a direct and derivative action in the United States District Court for the Southern District of California; the defense of a related action in California state court in which Defendants were named as defendants; the supervision of a Nevada state court proceeding; representation in connection with a California Department of Industrial Relations investigation; extensive motion practice (including temporary restraining order and preliminary injunction briefing, a motion to appoint a receiver, an amended complaint, and demurrer practice); attendance at hearings and a settlement conference; and related advice.

22.    Withers performed all of these services competently, and Defendants accepted the benefit of Withers' services. Defendants contemporaneously expressed satisfaction with, and gratitude for, Withers' work.

23.    Withers' hourly rates were reasonable and customary for legal services of this nature in the courts in which Withers represented Defendants and in the markets in which the Withers attorneys performing the work are based. Withers made their rates clear at the outset of the engagement in the Engagement Letter and in subsequent invoices. At no time did Defendants take exception with Withers' rates. The time Withers billed was likewise reasonable, necessary, and commensurate with the work required to provide Defendants with competent and effective representation across the multiple litigation, investigation, and dispute-resolution matters for which they retained Withers. The scope of that work was collaboratively determined between Withers and Defendants. At no time did Withers determine to conduct any work unilaterally. The nature and extent of that work are reflected in the invoices attached hereto as **Exhibits B to K**.

C. **Withers' Invoices and Defendants' Nonpayment**

24.    In the ordinary course of business, Withers issued Defendants ten invoices for the fees and costs incurred on their behalf, totaling $1,891,956.46, as follows:

| Invoice Number | Invoice Date | Amount Billed |
|---|---|---|
| 2201-028426 (**Exhibit B**) | Feb. 28, 2026 | $468,360.00 |
| 2201-028961 (**Exhibit C**) | Mar. 31, 2026 | $564,249.92 |
| 2302-007222 (**Exhibit D**) | Mar. 31, 2026 | $5,685.50 |
| 2201-030237 (**Exhibit E**) | Apr. 30, 2026 | $537,978.91 |
| 2302-007299 (**Exhibit F**) | Apr. 30, 2026 | $3,380.00 |
| 2201-030439 (**Exhibit G**) | May 20, 2026 | $137,436.50 |

| Invoice Number | Invoice Date | Amount Billed |
|---|---|---|
| 2201-030452 (**Exhibit H**) | May 31, 2026 | $50,755.10 |
| 2302-007391 (**Exhibit I**) | May 31, 2026 | $556.50 |
| 2201-031176 (**Exhibit J**) | June 16, 2026 | $88,280.50 |
| 2201-031803 (**Exhibit K**) | July 9, 2026 | $35,273.53 |
| **Total** | | **$1,891,956.46** |

25.    Each invoice was delivered to Defendants on or around the date of the invoice and became due and payable within thirty (30) days of receipt in accordance with the Engagement Letter.

26.    At no time did Defendants (individually or together) raise any questions or concerns about the invoices or the work reflected therein.

27.    Defendants have made payments to Withers totaling $824,249.60, inclusive of the $150,000 retainer applied to their outstanding balance. Defendants' last payment to Withers was made on May 26, 2026.

28.    Withers issued its latest invoice to Defendants on or about July 9, 2026.

29.    After application of all payments and the retainer, Defendants owe Withers an outstanding balance of $1,067,706.86, consisting of $1,066,410.23 in unpaid fees and $1,296.63 in unpaid costs.

30.    On multiple occasions, Defendants acknowledged the outstanding balance and represented that they would pay it, but they have since failed and refused to do so.

31.    On multiple occasions, including but not limited to the time of the issuance of each invoice, Defendants were advised of their outstanding balance. At no time did Defendants (either individually or collectively) dispute the total amount owed.

32.    Withers has performed all conditions, covenants, and obligations required of it under the Engagement Letter.

33.    Despite due demand, Defendants have failed and refused, and continue to fail and refuse, to pay the outstanding balance of $1,067,706.86 owed to Withers.

34.    Withers delivered a written Notice of Exercise to Defendants, invoking its right to charge interest, on July 24, 2026.

## COUNT I
## BREACH OF CONTRACT

35.    Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

36.    The Engagement Letter constitutes a valid and enforceable contract between Withers and Defendants, supported by adequate consideration.

37.    Withers fully performed its obligations under the Engagement Letter by competently rendering the legal services requested by Defendants.

38.    Under the Engagement Letter, Defendants were obligated to pay Withers' invoices for fees and costs within thirty (30) days of receipt.

39.    Defendants materially breached the Engagement Letter by failing and refusing to pay the outstanding balance of $1,067,706.86 due and owing to Withers.

40.    As a direct and proximate result of Defendants' breach, Withers has been damaged in the amount of not less than $1,067,706.86, plus contractual interest at the rate of nine percent (9%) per annum or such lesser rate as may be required by applicable law as provided in the Engagement Letter, together with costs.

## COUNT II
## ACCOUNT STATED

41.    Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

42.    Over the course of Withers' representation of Defendants, the parties engaged in a series of transactions that established a debtor-creditor relationship between them, pursuant to which Withers rendered legal services and advanced costs on Defendants' behalf and Defendants became obligated to pay for the same. By and through the Engagement Letter, Withers' performance of legal services on Defendants' behalf and Withers' issuance of ten invoices to Defendants and Defendants' payments thereon, offer, acceptance, and consideration between the Parties have been established.

43.    In the ordinary course of business, Withers rendered to Defendants ten invoices reflecting the fees and costs incurred on their behalf, totaling $1,891,956.46, the last of which was rendered on or about July 9, 2026.

44.    Each invoice was delivered to Defendants and set forth the amounts due and owing for the services rendered and costs advanced, including the total balance owed.

45.    Defendants received and retained each of the invoices for an unreasonable length of time—for many months—without objecting to, disputing, or questioning the amounts stated therein.

46.    To the contrary, Defendants made partial payments toward the invoices, totaling $824,249.60, without objection to the balances reflected in the invoices. Defendants made their most recent payment toward the outstanding balance as late as May 26, 2026.

47.    On multiple occasions, Defendants expressly acknowledged the outstanding balance owed to Withers and represented that they would pay it, including representations by Sharif in late June 2026 that payment would be forthcoming.

48.    By retaining Withers' invoices without objection for an unreasonable period of time, by making partial payments on the account, and by expressly acknowledging and promising to pay the balance due, Defendants agreed and assented—either expressly or by implication—to the correctness of the account and to the balance owed and the reasonableness of the charges, and promised to pay that balance to Withers.

49.    An account was thereby stated between Withers and Defendants in the amount of $1,067,706.86, consisting of $1,066,410.23 in unpaid fees and $1,296.63 in unpaid costs.

50.    Despite due demand, Defendants have failed and refused, and continue to fail and refuse, to pay the stated balance of $1,067,706.86.

51.    As a direct and proximate result of the foregoing, Withers has been damaged in the amount of not less than $1,067,706.86, together with prejudgment interest and costs.

## COUNT III
### QUANTUM MERUIT (PLEADED IN THE ALTERNATIVE)

52.    Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

53.    This Count is pleaded in the alternative to Count I, to the extent the Court determines that the Engagement Letter does not govern the Parties' rights and obligations or is otherwise unenforceable.

54.    At Defendants' request, Withers competently rendered valuable legal services to and for the benefit of Defendants.

55.     Withers rendered those services with the reasonable expectation that it would be compensated for them, and Defendants knew or reasonably should have known that Withers expected to be paid.

56.     Defendants knowingly and voluntarily accepted and received the benefit of Withers' legal services.

57.     The reasonable value of the legal services Withers rendered to Defendants, and for which Defendants have not paid, is not less than $1,067,706.86.

58.     Defendants have failed and refused to pay Withers the reasonable value of those services, and it would be unjust to permit Defendants to retain the benefit of those services without payment.

59.     Withers is therefore entitled to recover from Defendants the reasonable value of its services in an amount of not less than $1,067,706.86, plus prejudgment interest and costs.

**COUNT IV**

**UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)**

60.     Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

61.     This Count is pleaded in the alternative to Count I, to the extent the Court determines that the Engagement Letter does not govern the Parties' rights and obligations or is otherwise unenforceable.

62.     Withers conferred a benefit on Defendants by rendering valuable legal services to and for their benefit.

63.     Defendants knew of and appreciated the benefit conferred upon them by Withers.

10

64. Defendants accepted and retained the benefit of Withers' services under circumstances in which it would be inequitable for them to retain that benefit without paying its value.

65. By reason of the foregoing, Defendants have been unjustly enriched at Withers' expense in an amount of not less than $1,067,706.86.

66. Withers is entitled to restitution from Defendants in that amount, plus prejudgment interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Withers Bergman LLP respectfully requests that the Court enter judgment in its favor and against Defendants Steven Sharif and John Moore, jointly and severally, as follows:

A. On Count I, awarding compensatory damages in an amount of not less than $1,067,706.86, together with contractual prejudgment interest at the rate of nine percent (9%) per annum or such lesser rate as may be required by applicable law as provided in the Engagement Letter;

B. On Count II, a money judgment for the agreed and stated balance of not less than $1,067,706.86, together with prejudgment interest.

C. In the alternative, on Counts III and IV, awarding Withers the reasonable value of its services and/or restitution in an amount of not less than $1,067,706.86, together with prejudgment interest;

D. Awarding prejudgment interest at nine percent (9%) per annum or such lesser rate as may be required by applicable law and post-judgment interest as permitted by law;

E. Awarding Withers its costs of suit; and

11

F.      Granting such other and further relief as the Court deems just and proper.

DATED: August 4, 2026.

Respectfully submitted,

   /s/  Robert A. DeRise

Robert A. DeRise (VSB No. 78431)
WOODS ROGERS VANDEVENTER
BLACK, PLC
828 Main Street, 19th Floor
Lynchburg, VA 24504-1522
Telephone: (434) 846-9119
Facsimile: (434) 846-0337
robert.derise@woodsrogers.com

*Counsel for Plaintiff*
*Withers Bergman LLP*